**Filed**

SEP 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SAMPSON HUNTER,<br><br>         Plaintiff,<br><br>v.<br><br>RAYMOND M. PAETZOLD, et al.,<br><br>         Defendants. | Case No. C 14-3233 PSG (PR)<br><br>**ORDER TO SHOW CAUSE** |

David Sampson Hunter, a pretrial detainee proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983. Hunter also has filed a motion for leave to proceed in forma pauperis ("IFP"). For the reasons stated below, the court orders Hunter to show cause why his motion for leave to proceed IFP should not be denied.

**I. DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

Case No. C 14-3233 PSG (PR)
ORDER TO SHOW CAUSE

1    unless the prisoner is under imminent danger of serious physical injury."[1]

2        For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails

3    to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil

4    Procedure 12(b)(6) and carries the same interpretation:  the word "frivolous" refers to a case that

5    is "of little weight or importance: having no basis in law or fact," and the word "malicious"

6    refers to a case "filed with the 'intention or desire to harm another.'"[2]  Only cases within one of

7    these three categories can be counted as strikes for Section 1915(g) purposes.[3]  Dismissal of an

8    action under Section 1915(g) should only occur when, "after careful evaluation of the order

9    dismissing an [earlier] action, and other relevant information, the district court determines that

10   the action was dismissed because it was frivolous, malicious or failed to state a claim."[4]

11       A prisoner must be given notice of the potential applicability of Section 1915(g), by

12   either the district court or the defendants, but the prisoner nevertheless bears the ultimate burden

13   of persuasion that Section 1915(g) does not bar pauper status for him.[5]  The court may raise a

14   Section 1915(g) problem *sua sponte*, but must notify the prisoner of the earlier dismissals it

15   considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be

16   heard on the matter before dismissing the action.[6]  A dismissal under Section 1915(g) means that

17   a prisoner cannot proceed with his action as a pauper under Section 1915(g), but he still may

18   pursue his claims if he pays the full filing fee at the outset of the action.

19       A review of the dismissal orders in Hunter's prior prisoner actions reveals that he has had

20   at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to

21

---

22   [1]  28 U.S.C. § 1915(g).

23   [2]  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).

24   [3]  *See id.*

25   [4]  *Id.*

26
27   [5]  *Id.*

28   [6]  *See id.* at 1120.

Case No. C 14-3233 PSG (PR)
ORDER TO SHOW CAUSE

1 state a claim upon which relief may be granted.  Hunter is now given notice that the court

2 believes the following federal district court dismissals may be counted as dismissals for purposes

3 of Section 1915(g): (1) *Hunter v. Marshall*, N.D. Cal. Case No. C 95-982 MHP (civil rights

4 action dismissed as factually and legally frivolous), (2) *Hunter v. First Appellate District*, N.D.

5 Cal. Case No. C 95-4258 MHP (pleading filed on § 2255 motion form construed as a civil rights

6 action and dismissed as frivolous); and (3) *Hunter v. Mandeville*, N.D. Cal. Case No. C 95-2443

7 MHP (civil rights action dismissed for failure to state a claim).  The court made its evaluation of

8 the first two cases based on the dismissal orders and the third case based on the docket sheet.[7]

9       In light of these dismissals, Hunter is ORDERED TO SHOW CAUSE in writing why

10 pauper status should not be denied and this action should not be dismissed pursuant to 28 U.S.C.

11 § 1915(g).[8]  In the alternative to showing cause why this action should not be dismissed, Hunter

12 may avoid dismissal by paying the full $400.00 filing fee by the deadline.

13       In addition, based on several of the pleadings Hunter has filed, it appears Hunter may be

14 trying to fit within the imminent danger exception to Section 1915(g).  If he wants to do so, he

15 needs to describe the facts showing the imminent physical danger, rather than merely asserting

16 the conclusion that he is in imminent physical danger.  It will suffice if he "makes a plausible

17 allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing."[9]

18 Hunter should be particularly careful to show the connection between the alleged imminent

19 danger and the claims he asserts in his complaint as the statute requires that he show he was in

20 imminent danger at the time he filed his complaint.

21                          **II. CONCLUSION**

22       For the foregoing reasons, the court hereby orders as follows:

23

---

24 [7] *See Andrews I*, 398 F.3d at 1120.

25 [8] Hunter filed a previous action on March 28, 2014, in *Hunter v. Mark*, No. 14-1446 PSG (pr).
26 On August 28, 2014, the court denied a motion for leave to proceed IFP under 28 U.S.C. § 1915
after concluding that Hunter had filed at least three actions in federal court that were dismissed
27 as frivolous, malicious, or failing to state a claim, and dismissed the action. *See id.*

28 [9] *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) ("*Andrews II*").
Case No. C 14-3233 PSG (PR)
ORDER TO SHOW CAUSE

3

1    Hunter is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from

2  the date of this order why his motion for leave to proceed IFP should not be denied and this

3  action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Hunter is so inclined, he may

4  avoid dismissal by paying the $400.00 filing fee.  In any event, the court will continue to review

5  under Section 1915(g) all future actions filed by Hunter while he is incarcerated in which he

6  seeks IFP status.  Failure to file a timely response or failure to pay the full filing fee will result in

7  the dismissal of this action without further notice.

8    IT IS SO ORDERED.

9  DATED:  _9.18.14_

PAUL S. GREWAL
10                                                        United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 14-1297 PSG (PR)
ORDER TO SHOW CAUSE; ORDER OF DISMISSAL WITH LEAVE TO AMEND
4